# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Sushill Suresh Patel, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:05-00837-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On March 17, 2005, pursuant to 28 U.S.C. § 2255, the petitioner commenced this pro se action to vacate, set aside, or correct his guilty plea and sentence. On March 24, 2005, the government moved for summary judgment. On April 1, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On May 9, 2005, the petitioner filed his opposition to the government's motion for summary judgment. This matter is now before the Court for disposition.

On November 20, 2001, the petitioner was sentenced to a term of 84 months in prison followed by 5 years supervised release. On December 3, 2001, the Court entered judgment. On December 5, 2001, the petitioner filed a notice of appeal. On March 15, 2002, the Fourth Circuit Court of Appeals dismissed the petitioner's appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure, and the mandate was filed.

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255 was amended to provide for a statute of limitations period:

> A 1-year period of limitation shall apply to a motion under this section.
> The limitation period shall run from the latest of–

>(1) the date on which the judgment of conviction became final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or errors presented could have been discovered through the exercise of due diligence.

28 U.S.C.A § 2244(d)(1).

The petitioner, therefore, could have applied for relief under 28 U.S.C. § 2255 until March 15, 2003. He failed to do so. This petition is time-barred.

The petitioner attempts to avoid the time limitations set forth above by claiming that his sentence was imposed in violation of Booker v. United States, 543 U.S. 220 (2005). This claim is without merit because the Supreme Court clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 225. Subsequent to the decision in Booker, the Fourth Circuit Court of Appeals ruled that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005.

The Court therefore grants the government's motion for summary judgment and dismisses the petition as untimely.

AND IT IS SO ORDERED.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 24, 2006
Charleston, South Carolina